Stephen A. Madoni (SBN 170652)
**LAW OFFICE OF STEPHEN A. MADONI**
A Professional Law Corporation
1151 Dove Street, Suite 235
Newport Beach, California 92660
Telephone: (949) 723-7600
Facsimile: (949) 723-7601
Email: steve@madonilaw.com

Attorney for Defendants Shirley Combs and James Farley

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ESTRADA,<br><br>        Plaintiff,<br><br>vs.<br><br>SHIRLEY L. COMBS; JAMES C. FARLEY and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No.: 5:21-cv-00992-JGB<br><br>**DEFENDANTS SHIRLEY COMBS AND JAMES FARLEY'S OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date: September 13, 2021<br>Time: 9:00 a.m.<br>Courtroom: 1 |

# DEFENDANTS SHIRLEY COMB'S AND JAMES FARLEY'S OPPOSIOTION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

## I.

## INTRODUCTION

Defendants Shirley Combs and James Farley ("Defendants") hereby submit their opposition to the Plaintiff's untimely filed motion to strike. The Plaintiff's arguments for striking the Defendants' affirmative defenses are contrary to current law and decisions regarding the affirmative defenses asserted.

As a preliminary matter, the Defendants' acknowledge this opposition is filed two days late pursuant to Local Rule 7-9; however, given the fact that the Plaintiff failed to comply with the meet and confer requirements of LR 7-3 and given the fact that the Plaintiff failed to serve his motion within the time limits of LR 6-1, thereby shortening the Defendants' time for response, the Defendants request that the court exercise its discretion and either deny the Plaintiff's motion for failure to comply with the rules above, or allow the late-filed opposition.

As to the merits of the Plaintiff's arguments, as set forth below, each of the affirmative defenses asserted by the Defendants provide the Plaintiff with fair notice as that standard is set forth in *Kohler v. Flava Enterprises, Inc.* (9th Cir. 2015) 779 F.3d 1016. Additionally, the Central District has recognized that "Lack of Standing" is an affirmative defense. (*Kohler v. Bed Bath & Beyond of California, LLC*, No. CV 11-4451 RSWL SPX, 2012 WL 424377, at *3 (C.D. Cal. Feb. 8, 2012). Thus, even if the Plaintiff's motion is not denied for being untimely, it fails on the merits.

Finally, had the Plaintiff met and conferred regarding the First Amended Answer, the Defendants would have provided additional factual information regarding each of the four affirmative defenses. Although this will be done through the Rule 26 disclosure procedure, the Defendants should be given leave to further amend their answer as an alternative to the extreme measure of striking their affirmative defenses.

///

///

## II.

## ARGUMENT

### A. PLAINTIFF'S MOTION IS PROCEDURALLY UNTIMELY

Local Rule 6-1 states "The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service." In calculating time, under FRCP Rule 6(a)(1), a party is to exclude the day of the event in calculating time limitations.

In this matter, the hearing date is September 13, 2021. Excluding the hearing date, for service to comply with LR 6-1, the motion must be served 28 days prior to September 13, 2021, which is **August 16, 2021**. As the docket shows, the Plaintiff filed his motion to dismiss on **August 17, 2021**. Thus, the motion failed to provide sufficient notice to the Defendants.

Based on the above, the Plaintiff's motion should be denied for failing to comply with the mandatory service requirements. In the alternative, the Defendants request the court allow their late filed opposition.

### B. PLAINTIFF'S COUNSEL FAILED TO COMPLY WITH THE MEET AND CONFER REQUIREMENTS OF LOCAL RULE 7-3

Local Rule 7-3 requires the party filing a motion "to discuss **thoroughly**, preferably in person, **the substance of the contemplated motion and any potential resolution.**" (Emphasis added.) Plaintiff's counsel failed to comply with this directive and rushed to file its motion in an untimely fashion.

As set forth in the Declaration of Stephen Madoni filed concurrently with this opposition, Plaintiff's counsel and Mr. Madoni were in communication prior to the filing of the Plaintiff's motion. August 2, 2021, three days after the Defendants had filed their First Amended Answer, the Plaintiff's counsel contacted Mr. Madoni to set up a time to confer regarding the Amended Answer. Each attorney had proposed different dates to discuss the matter over the next week. At no time did Plaintiff's counsel "thoroughly" discuss the substance of the motion in writing. (Although Local Rule 7-3 recommends in person

conference, it is not mandatory.)

However, on August 11, 2021, the Plaintiff's counsel did manage to send a detailed and thorough *settlement offer*, to which Mr. Madoni responded. The communication did not mention meet and confer discussions, but merely concluded "get back to me at your earliest opportunity."

Ironically, on August 16, 2021, the last date for service for a September 13, 2021 hearing date, the Plaintiff's counsel indicated that his client's "motion deadline is in four days."[1] (See Exhibit "A" to the Madoni Declaration.) The Plaintiff then filed his motion the next day, three days prior to the motion deadline and without ever communicating the substance of his motion.

Based on the above, the Plaintiff failed to meet and confer regarding his motion as required by Local Rule 7-3. Based on this, the Plaintiff's motion should be denied.

## C. LACK OF STANDING IS A RECOGNIZED AFFIRMATIVE DEFENSE

Should this court decide this matter on the merits, despite the procedural failings of the Plaintiff's motion, the Defendants argue that the motion should still be denied.

In Plaintiff's first argument, he claims that the defense of lack of standing should be struck because "it is not an affirmative defense."

However, as explained in detail in *Cota v. Aveda Corporation* (S.D. Cal., Oct. 14, 2020, No. 320CV01137BENBGS) 2020 WL 6083423, at *9, not only is it an available affirmative defense recognized by many courts, it is a particularly valid defense in ADA matters:

> "With respect to Plaintiff's first argument, this Court believes Defendant may raise lack of standing by affirmative defense. See Kohler v. Big 5 Corp., No. 2:12-CV-00500-JHN, 2012 WL 1511748, at *5 (C.D. Cal. Apr. 30, 2012) (denying the plaintiff's motion to strike the defendant's tenth affirmative defense for lack of standing because "courts have recognized it as an affirmative defense); Kohler v. Bed Bath & Beyond of California, LLC, No. CV 11-4451 RSWL SPX, 2012 WL 424377, at *3 (C.D. Cal. Feb. 8, 2012) (same); Solis v. Couturier, No. 208-CV-02732-RRB-GGH, 2009 WL 3055207, at *1 (E.D. Cal. Sept. 17, 2009) (noting that "[l]ack of standing is a recognized affirmative defense, and it was therefore proper for Johanson to restate his denial of fiduciary duty as a defense for lack of standing and jurisdiction"); see also San Diego Unified Port Dist. v. Monsanto

---

[1] As Defendants' First Amended Answer was filed on July 30, 2021, the motion to strike would need to be filed by August 20, 2021.

Co., 309 F. Supp. 3d 854, 861 (S.D. Cal. 2018) (denying the plaintiff's motion to strike the defendant's defense of lack of standing based on the plaintiff's argument that it was not a true affirmative defense, noting that the defense provided the plaintiff fair notice, and "the Court cannot conclude at this early stage in proceedings that these defenses will have no possible bearing on the subject matter of the litigation") (Hayes, J.). Article III standing is a powerful defense in ADA cases, particularly where a district court is exercising supplemental jurisdiction over state law claims on the basis that those claims are related to federal claims brought under the ADA. Thus, the Court disagrees with Plaintiff's argument that this defense fails as a matter of law."

Based on the above, the Plaintiff's argument regarding Defendants' fourth affirmative defense fails and the motion to strike should be denied.

## D. DEFENDANTS' AFFIRMATIVE DEFENSES PLACE PLAINTIFF ON FAIR NOTICE AND SHOULD BE PERMITTED TO STAND

Plaintiff argues that the Defendants' first three affirmative defenses do not contain sufficient facts to place the Plaintiff on notice as to those defenses and should be struck. Again the Plaintiff is incorrect on the law or proper standard when evaluating the "fair notice" standard.

In *Kohler v. Flava Enterprises, Inc.* (9th Cir. 2015) 779 F.3d 1016, an ADA case, a defendant asserted similar general affirmative defenses, including "alternative methods" of accessibility. The plaintiff did not provide sufficient facts on for this defense, thereby depriving them of fair notice. The court upheld the district court's decision to allow the affirmative defense stating "the 'fair notice' required by the pleading standards only requires describing the defense in "general terms." (Id. at 1019.)

*Cota v. Aveda Corporation* (S.D. Cal., Oct. 14, 2020, No. 320CV01137BENBGS) 2020 WL 6083423, at *4 applied the fair notice standard specifically to ADA matters recognizing "Each affirmative defense 'need not be supported by detailed factual allegations' but 'must at least give notice of the grounds upon which it rests." *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 665-66 (S.D. Cal. 2014) (internal quotations omitted). However, 'fair notice' in no way requires that a defendant 'plead all the elements of a prima facie case.' *Wong v. United States,* 373 F.3d 952, 969 (9th Cir. 2004). 'With respect to some defenses, **'merely pleading the name of the affirmative defense ... may be sufficient.'** " *Mag*

*Instrument, Inc. v. JS Prod., Inc.*, 595 F. Supp. 2d 1102, 1108 (C.D. Cal. 2008) (citing *Woodfield v. Bowman*, 193 F.3d 354, 361 (5th Cir. 1999)). 'Rule 8(b)(1) only requires the responding party to 'state in short and plain terms its defenses to each claim asserted against it.' " (Emphasis added.)

Based on the above, the Defendants have provided the Plaintiff with fair notice of the affirmative defenses alleged. Further, given that the whole of Plaintiff's claims surround only ADA accessible parking, the applicability of those defenses are not ambiguous.

### E. ALTERNATIVELY, DEFENDANTS SHOULD BE PERMITTED TO AMEND THEIR ANSWER

As noted in *Hall v. City of Los Angeles* (9th Cir. 2012) 697 F.3d 1059 "When a party requests to amend a pleading, "[t]he court should freely give leave when justice so requires." (Id. at 1073.)

Should the court determine that the Plaintiff is deprived of fair notice in relation to any of the affirmative defenses posed by the Defendants, the Defendants request leave to amend their answer to add additional facts related to those defenses.

### III.

### CONCLUSION

The Plaintiff's procedurally improper and untimely motion must be denied. The Plaintiff did not provide the Defendants with sufficient notice of the motion (LR 6-1) and the Plaintiff did not follow the requirements of Local Rule 7-3 by thoroughly setting forth the substance of their proposed motion.

///
///
///
///
///
///
///

Regardless, even absent the procedural flaws, the Plaintiff's motion to strike should be denied in its entirety because the Defendants' affirmative defenses provide fair notice to the Plaintiff of the defenses they allege will dispose of the Plaintiff's claims.

DATED: August 25, 2021

        **LAW OFFICE OF STEPHEN A. MADONI**
        A Professional Law Corporation

        By: _SMadoni_
               Stephen A. Madoni

        Attorney for Defendants Shirley Combs and James Farley

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE

[Estrada v. Combs, Case No. 5:21-CV-00992-JGB]

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action. My business address is 1151 Dove Street, Suite 235, Newport Beach, CA 92660. My email address is: nathally@madonilaw.com.

On August 25, 2021 I served the foregoing document described as:
**DEFENDANTS SHIRLEY COMBS AND JAMES FARLEY'S OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**

[X] by placing/serving:
[ ] the original enclosed in a sealed envelope addressed as follows:
[X] a true copy thereof to:

**Ross Cornell**
**Law Offices of Ross Cornell**
**Pos Office Box 1989, Suite 305**
**Big Bear Lake, CA 92315**
**Email: rc@rosscornelllaw.com**
**Ph: 562-612-1708/Fax: 562-394-9556**
*Attorney for Plaintiff, Bryan Estrada*

[ ] (By U.S. Mail) I deposited such envelope at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after the date of deposit for mailing of affidavit.

[X] (By CM/ECF) Pursuant to the Court's CM/ECF System, registration as a CM/ECF user constitutes service through the Court's transmissions. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed on the attached service list who are registered with the Court's EC/ECF system.

[ ] (By Personal Delivery) I caused the foregoing document(s) to be delivered by hand to the parties on the service list through service by Jon Gray, California Debt Recovery telephone number (951) 541-8284.

[ ] (By Electronic Service "E-mail") I served the documents by email from my email address of nathally@madonilaw.com to the parties at their respective e-mail addresses as indicated above.

[X] (Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed at the office of a member of the bar of this Court at who direction service was made. Executed on August 25, 2021 at Newport Beach, California.

*/s/ signature*

Nathally Cespedes